**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 18**

Docket No. CH-3330-14-0733-I-1

**Donald Kenneth Goodin,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

May 2, 2016

Michael W. Macomber, Esquire, Albany, New York, for the appellant.

Katherine E. Griffis, Fort Campbell, Kentucky, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons set forth below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2      The appellant, a 10-point preference-eligible veteran, applied for a competitive service GS-12 Clinical Social Worker position with the Blanchfield Army Community Hospital at Fort Campbell, Kentucky. Initial Appeal File (IAF), Tab 1. The vacancy announcement for the position provided that, "[i]f

selected, official college or university transcripts must be submitted," and "[i]f selected, candidate must provide documents for credentialing."  IAF, Tab 10 at 24.  The agency created a certificate of eligibles with the appellant placed at the top, selected him for the position, made a tentative job offer to him, and sent him a letter informing him to provide documentation for the credentialing process at the hospital.  *Id*. at 28-33, 40.

¶3    The agency then determined that the appellant did not meet the credentialing requirements "to work in the fully independent role that is expected," because he did not have "current work experience as a Social Worker," and had not worked in the field "for the last five years and has not done the type of work that was advertised (performing diagnostic assessments or therapy as a primary therapist) for this position in 16 years."  *Id.* at 48, 50.  The agency filed a passover request[1] with the Office of Personnel Management (OPM).  *Id*.  OPM notified the agency that it had failed to establish that the appellant did not meet the minimum qualification requirements for the position, and denied the agency's passover request.  *Id*. at 51-52.  OPM informed the agency that it could challenge the negative passover decision or consider/select the preference-eligible appellant for the job.  *Id*. at 52.

¶4    During its further consideration of the appellant for the position, the agency notified him that he had failed to provide the required documentation for

---

[1] Generally, in filling a vacancy in the competitive service, an agency must select from among the three top-ranked candidates referred for consideration, and it may not "pass over" a preference eligible to select a candidate not entitled to preference.  5 U.S.C. § 3318(a).  Under  5 U.S.C.  § 3318(c)(1),  however,  an  agency  may  select  a nonpreference eligible rather than a preference eligible if the agency files written reasons with OPM for passing over the preference eligible and obtains OPM's approval. Further, if the preference eligible is a veteran who has a service-connected disability of 30 percent or more, he is entitled to notice of the proposed passover and an opportunity to respond to OPM.  5 U.S.C. § 3318(c)(2); *see, e.g.*, *Endres v. Department of Veterans Affairs*, 107 M.S.P.R. 455, ¶ 10 (2007) (citing 5 U.S.C. § 3318(b)(2), which formerly contained the cited provision).

the credentialing process pursuant to Army regulations. *Id*. at 53-54. The appellant did not provide the required documentation, and the agency ultimately withdrew the tentative job offer due to his failure to provide a complete package for credentialing.[2] IAF, Tab 6 at 4‑5.

¶5 The appellant filed a complaint with the Department of Labor (DOL) alleging that the agency had violated his veterans' preference rights. On July 3, 2014, DOL notified the appellant that it had completed its investigation and determined that there had been no violation. IAF, Tab 1 at 13-14. DOL also notified the appellant that he could request corrective action with the Board within 15 days of the date of its letter. *Id*. at 14. The appellant filed his request on July 9, 2014. IAF, Tab 1. He did not request a hearing. *Id*. at 2.

¶6 Based on the written record, the administrative judge denied corrective action, finding that the appellant failed to present preponderant evidence that the agency violated a statutory or regulatory provision related to veterans' preference. IAF, Tab 20, Initial Decision (ID) at 13. He found that the appellant properly was afforded his veterans' preference and placed at the top of the highly qualified category of applicants for the position. *Id*. He further found that, following OPM's rejection of the passover request, the agency initiated the onboarding process for placing the appellant in the position. *Id*. Additionally, he found that the job announcement stated that the selected applicant would be required to obtain and maintain Basic Life Support certification, as well as provide official college or university transcripts and all documents needed for

---

[2] The agency response file index indicates that this letter is at Tab 10, Subtab 4q. IAF, Tab 10 at 6. Subtab 4q is missing from the response file. However, the appellant submitted a copy of the letter notifying him that the agency had withdrawn the tentative job offer. IAF, Tab 6 at 4-5. Although it is not material to the adjudication of this appeal, we note that the agency sent this letter to the appellant on August 4, 2014, after he had filed his Board appeal.

credentialing. ID at 2. He found that the appellant admittedly did not provide the agency with the required documentation. ID at 13 (citing IAF, Tab 14 at 11).

¶7        In his petition for review, the appellant contends that the administrative judge erred in finding that the appellant's veterans' preference rights were not violated. Petition for Review (PFR) File, Tab 3. The appellant relies on the fact that OPM considered the same information that he submitted with his application to find that he possessed the specialized experience required for the GS-12 Social Worker position set forth in the vacancy announcement. *Id*. The appellant also asserts that, because the agency issued a vacancy announcement for the same position and then withdrew its tentative job offer to the appellant, it was obligated to again file a passover request with OPM. *Id*.

## ANALYSIS

¶8        To establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A), an appellant must: (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action(s) at issue took place on or after the 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012). Because, as the administrative judge properly found, the appellant here has satisfied the jurisdictional elements of VEOA, ID at 9-12, on the merits he must show by preponderant evidence that the agency violated his rights under a statute or regulation relating to veterans' preference, *Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 11 (2010).

¶9        As noted, OPM found that the agency could not pass over the appellant. IAF, Tab 10 at 51-52. However, OPM's passover decision did not relieve the agency from requiring the appellant to provide the mandated documentation for the credentialing process pursuant to Army regulations because, as set forth in the

vacancy announcement, it was a requirement imposed on all selectees for the GS‑12 Clinical Social Worker position. IAF, Tab 10 at 24, 51-52. The record reflects that, after it received the certificate of applicants eligible for the position at issue, the agency instructed the appellant to provide the necessary credentialing documents, but he did not provide all of the required documents.[3] *Id*. at 40, 53, 66-70. After OPM denied the agency's passover request, the agency resumed the onboarding process for the appellant and asked him to provide the credentialing documents he had not submitted previously. *Id*. at 53-54, 68. The appellant admitted during discovery that he did not provide the required documents. IAF, Tab 14 at 11. Instead, he wrote the agency asserting that, because OPM denied the agency's passover request, he is entitled to an exception to the agency's usual preappointment process for the Clinical Social Worker position. IAF, Tab 10 at 55, 68.

¶10      Having met its obligation to offer the appellant in this matter the Clinical Social Worker position that he sought, we discern no reason that the agency may not subject him to the same preappointment process as other employees. Accordingly, the administrative judge correctly found that, by giving the appellant his 10-point preference, which placed him ahead of all other candidates on the highly qualified list, and offering him the GS-12 Clinical Worker position, the agency afforded him his veterans' preference rights. Further, by applying the generally applicable preappointment process, the agency did not violate the appellant's veterans' preference rights. *See Gingery v. Department of Defense*, 121 M.S.P.R. 423, ¶¶ 2-3, 8 (2014) (finding, in a compliance proceeding

---

[3] The agency credentialing coordinator declared under penalty of perjury that the appellant's 2012 packet failed to include numerous documents, including two letters of reference, state license(s), diploma(s), transcripts, Basic Life Support certification, and continuing education certificates for the past 2 years. IAF, Tab 10 at 66-67. The appellant does not challenge that assertion.

following a VEOA corrective action order, that the agency may require a successful VEOA litigant to undergo the same preappointment security clearance process as all other individuals); *Dow v. General Services Administration*, 117 M.S.P.R. 616, ¶¶ 2, 14 (2012) (finding, in a compliance proceeding following a VEOA corrective action order, that the agency may require the successful VEOA litigant to undergo the same suitability investigation as all other employees); *see also Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008) (stating that, when the Board orders the cancelation of an adverse action, the appellant is not entitled to be placed in a better position than he would have enjoyed had the action not occurred).  When the appellant was unwilling or unable to provide the required documentation for the credentialing process pursuant to Army regulations, the agency could withdraw the tentative offer of employment without again requesting passover authority from OPM.

## ORDER

¶11     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.